# JOHN ETTER v. STATE.

No. A-511.    Opinion Filed November 22, 1910.

1. APPEAL AND ERROR — Case-Made—Service and Settlement—Record. Where the record fails to show that the case-made was ever served upon the county attorney or submitted to and approved by the county judge, the case-made will be stricken from the record.

2. INTOXICATING LIQUORS—Imitations—Information—Duplicity. (a) If spirituous, fermented or malt liquor and any imitation or substitute for spirituous, fermented or malt liquors are sold at one and the same time, such sale constitutes but one offense, for which there can be but one conviction, and it is proper for an information charging such an offense to contain two counts, one charging the sale of spirituous, fermented and malt liquors, and the other count charging the sale of an imitation or substitute of spirituous, fermented, vinous and malt liquor; and a conviction under either or both of said counts will be a conviction for but one offense, and subject to but one punishment.

(b) In an information for selling any substitute or imitation for spirituous, fermented and malt liquor capable of being used as a beverage, it is not necessary to allege that such liquor

was intoxicating or that it contained more than one-half of one per cent. alcohol.

(c)  It is a violation of the prohibition law of this state to sell or otherwise furnish any spirituous, vinous, fermented or malt liquor or any substitute or imitation thereof, regardless of the per cent. of alcohol contained therein.

(Syllabus by the Court.)

*Appeal from Ottawa County Court; W. D. Cooter, Special, Judge.*

Defendant was convicted for violating the prohibition law and was fined $50.00 and sentenced to 30 days' confinement in the county jail. Defendant appealed. Appeal dismissed.

*F. B. Fulkerson,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. 1. This case-made must be stricken from the record. The record fails to show that the case-made was ever served on the county attorney or was ever submitted to or approved by the county judge. We must therefore sustain the motion made on behalf of the state to strike out what purports to be the case-made in this case.

2. The transcript of the record shows that a motion in arrest of judgment was filed, in which the sufficiency of the information was attacked upon the ground that it charged two offenses. The charging part of the information is as follows:

"1. That the said John Etter on said date and in said county and state, then and there being, did then and there wilfully and unlawfully, sell, barter, give away and otherwise furnish to one John Lucky two bottles of 'Rochester,' the same being a spirituous, fermented and malt liquor capable of being used as a beverage, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state.

"2. That the said John Etter, on said date and in said county and state, then and there being, and on the occasion and by the same acts above set forth, did then and there wilfully and unlawfully, sell, barter, give away and otherwise furnish to one John Lucky, a quantity of an imitation and substitute of a spirituous, vinous, fermented and malt liquor, named 'Rochester,' capable of being used as a beverage, contrary to the form of the statutes, in

such cases made and provided, and against the peace and dignity of the state.                                    VERN E. THOMPSON,

"County Attorney."

It is seen from this that while the information did contain two counts, they both relate to the same transaction, the first count charging the sale of two bottles of "Rochester," same being a spirituous, fermented and malt liquor capable of being used as a beverage, the second count charging the sale of the same liquor, but alleging that it was an imitation and substitute for spirituous, vinous, fermented and malt liquor, named "Rochester." Both counts of the information are in the language of the statute. They refer to the same transaction, charged but one offense, and the information is therefore sufficient. For a complete discussion of this question see *Moss v. State, infra,* decided at the present term of this court. The trial judge therefore did not err in refusing to sustain the motion in arrest of judgment.

Exceptions were reserved to the following instruction of the court.

"It is a violation of the prohibitory liquor law of this state to sell or otherwise furnish any spirituous, vinous, fermented or malt liquor or any imitation substitute therefor regardless of the per cent. of alcohol contained therein."

This instruction was a proper interpretation of the law. See *Moss v. State, infra,* decided at the present sitting of this court. We find no error in the record, and the judgment of the lower court is therefore affirmed.

DOYLE and RICHARDSON, JUDGES, concur.